```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

LUCY MARIE POLLARD,              )
                                 )
          Plaintiff,             )
                                 )
v.                               )   Case No. CIV-22-236-JAR
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
          Defendant.             )
```

## OPINION AND ORDER

Plaintiff Lucy Marie Pollard (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is ordered that the Commissioner's decision be **REVERSED** and the case **REMANDED** for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 60 years old at the time of the ALJ's decision. Claimant completed her high school and college education. Claimant has worked in the past as a secondary school teacher. Claimant alleges an inability to work beginning May 1, 2016 due to

limitations resulting from post-traumatic stress disorder, depression, and heart attack with two stents placed.

## Procedural History

On March 11, 2020, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for Supplemental Security Income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's applications were denied initially and upon reconsideration.  On January 11, 2022, Administrative Law Judge ("ALJ") Janet Akers conducted an administrative hearing by telephone due to the extraordinary circumstances posed by the COVID-19 pandemic.  On February 1, 2022, the ALJ issued an unfavorable decision.  On July 6, 2022, the Appeals Council denied review.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation.  She determined that, while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform her past relevant work.

### Error Alleged for Review

Claimant asserts the ALJ erred in failing to properly evaluate the medical opinion evidence. Claimant also suggests that the ALJ presiding over her case demonstrated a propensity to tailor the questioning of the vocational expert and consideration of the evidence to reach a pre-determined result of denying benefits.

### Evaluation of Opinion Evidence

In her decision, the ALJ determined Claimant suffered from the severe impairments of status post coronary artery stent placement, type 2 diabetes mellitus, mild major depressive disorder, bipolar disorder, and methamphetamine abuse with anxiety disorder. (Tr. 18). The ALJ found none of Claimant's conditions met a listing. (Tr. 18-19). As a result of the limitations caused by her severe impairments, Claimant was found to retain the residual functional capacity to perform light work except that she could not perform production rate or pace work such as assembly line work. (Tr 20).

After consultation with a vocational expert, the ALJ determined that Claimant could perform her past relevant work as a secondary school teacher. (Tr. 30). Consequently, the ALJ found that Claimant had not been under a disability from May 1,

2015 through the date of the decision.  Id.

The sole issue raised by Claimant in this appeal is whether the ALJ properly considered the medical opinion evidence offered by non-examining state agency psychological consultants, Dr. William Farrell and Dr. Bruce Lochner.  Dr. Farrell evaluated Claimant's mental health records and issued a report dated April 27, 2020.  Dr. Lochner did the same in a report dated He determined Claimant suffered from Depressive, Bipolar, and Related Disorders under listing 12.04 and Anxiety and Obsessive-Compulsive Disorders under listing 12.06.  He found she had mild limitations in understanding, remembering, or applying information and adapting or managing oneself.  Dr. Farrell also determined Claimant had moderate limitations in interacting with others and concentration, persistence, or maintaining pace.  (Tr. 74).  Dr. Farrell also completed a Mental Residual Functional Capacity Assessment form on Claimant, also dated April 27, 2020.  He found Clamant had limitations in understanding and memory, sustained concentration and persistence, social interaction, and adaptation.  (Tr. 79-82). He also determined Claimant was moderately limited in the ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to interact appropriately with

6

the general public, ability to accept instructions and respond appropriately to criticism from supervisors, ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and ability to respond appropriately to changes in the work setting. Id.  Dr. Farrell concluded that Claimant was able to perform both simple and some complex work tasks, to relate to supervisors, co-workers, and the general public on a superficial and limited work basis, and to adapt to changes in the workplace setting. (Tr. 83).

Dr. Lochner issued his report on the same date. (Tr. 115-117). He made substantially the same findings as Dr. Farrell with the same areas of limitations noted. (Tr. 121-125).

In her decision, the ALJ found Dr. Farrell's and Dr. Lochner's opinions of limitation "not persuasive." (Tr. 29). The ALJ determined "there is nothing in the file to suggest that the claimant has an inability to interact with others." She found the record indicated Claimant was "cooperative and interacted appropriately" during examinations. Id.

Because Claimant's application for benefits after March 27, 2017, the medical opinion evidence in the case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under

7

the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Instead, she must "articulate" in her decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how

the other factors were considered. Id. However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The ALJ's findings on supportability and consistency pertaining to Dr. Farrell's and Dr. Lochner's opinions are lacking. By declaring that there is "nothing in the file" to support these mental health professionals' opinions, it necessarily leads one to look for the absence of evidence "in the file." To be fair, the medical record contains several references to Claimant having "interacted appropriately" during examination visits. (Tr. 696, 709, 722, 735, 747, 753, 765, 771, 784, 790). Claimant cites to various admittedly problematic behaviors during examinations which reflects upon Claimant's ability to work but not necessarily her ability to interact with others. (Tr. 445)("Incessant talking with being fidgety."), (Tr. 710, 723)("Delusions – talks of people living in crawl space and traveling with tubs that can get into anyone's apartment that they want."), (Tr. 760-

9

61)("Rapid/Accelerated Speech", "Paranoid – Flight of Ideas", "Loose – Associations", "Delusions", "Distracted – Attention Span and Concentration.").

The single finding that the record does not support a limitation for interacting with others does not address the other restrictions found by Drs. Farrell and Lochner or support a finding that their entire report/opinions should be rejected. In failing to analyze the other findings by these professionals, the ALJ failed to engage in the appropriate evaluation of the supportability and consistency of the overall and entire opinions provided – including the findings of moderate limitations in the ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to accept instructions and respond appropriately to criticism from supervisors, ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and ability to respond appropriately to changes in the work setting. On remand, the ALJ shall provide the required supportability and consistency analysis before the wholesale rejection of these mental health professionals' opinions.

As for the issue raised by Claimant concerning the ALJ's

propensity to move the evidence toward a pre-determined desired result, this Court has reviewed the transcript of the administrative hearing and finds no such propensity from the record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** to Defendant for further proceedings consistent with this decision.

IT IS SO ORDERED this 28th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE